*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
TANG, LAWRENCE, and ATTANASIO
Appellate Military Judges

---

**UNITED STATES**
Appellee

**v.**

**Luke W. JOHNSON**
Lance Corporal (E-3), U.S. Marine Corps
Appellant

**No. 201900097**

Decided: 17 July 2019.

Appeal from the United States Navy-Marine Corps Trial Judiciary. Military Judges: Major John L. Ferriter, USMC (arraignment); Major Nate A. Bonner, USMCR (trial). Sentence adjudged 9 January 2019 by a special court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence approved by convening authority: reduction to E-1, forfeiture of two-thirds pay[1] per month for six months, confinement for six months, and a bad-conduct discharge.[2]

For Appellant: Commander C. Eric Roper, JAGC, USN.

For Appellee: Brian K. Keller, Esq.

---

[1] The adjudged and approved sentence to forfeiture of "two-thirds pay" was improper. We take corrective action to convert the forfeiture to a whole dollar amount.

[2] Pursuant to a pretrial agreement, the convening authority suspended confinement in excess of 120 days and suspended execution of the bad conduct discharge until the appellant's administrative separation processing is complete, at which time, unless earlier vacated, the bad-conduct discharge will be automatically remitted.

———————————————

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(a).**

———————————————

PER CURIAM:

After careful consideration of the record, submitted without assignment of error, we have determined that the approved findings are correct in law and fact. After corrective action by this court, the approved sentence will be likewise correct in law and fact. We find no error materially prejudicial to appellant's substantial rights occurred. Articles 59 and 66, UCMJ, 10 U.S.C. §§ 859, 866.

The military judge incorrectly adjudged forfeitures in the amount of "two-thirds pay per month" for six months. A sentence to forfeitures must "state the exact amount in whole dollars to be forfeited each month." RULE FOR COURTS-MARTIAL 1003(a)(2), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2019 ed.); *see also United States v. Rosado,* 68 M.J. 199 (C.A.A.F. 2009).

Additionally, the court-martial order (CMO) does not accurately reflect the deferment of all confinement suspended pursuant to the terms of the pretrial agreement. Although we find no prejudice from this scrivener's error, the appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, the supplemental CMO shall reflect that this deferment was requested by the appellant and approved by the convening authority.

The findings and only so much of the sentence as provides for a reduction to E-1, forfeiture of $1,120.00 pay per month for six months, and confinement for six months, are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

2